WALTER S. SWAYNE *vs.* GIOVANNI FELICE ET AL.

Third Judicial District, New Haven, January Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Evidence that the proper method of growing peach trees is to cultivate between them is admissible in an action by a landlord to recover damages of his tenant for breach of covenant in this particular.

In an action to recover rent under a written lease, evidence that the plaintiff orally promised to build a house and dig a well as inducements to the defendants to execute the lease, is inadmissible to vary the written agreement; but is admissible to show fraud alleged in the answer, when coupled with evidence that the plaintiff also promised to have such understanding incorporated in the

lease, and falsely represented that it was, in fact, contained therein.

A question calling for the "understanding" of a witness as to what was to be incorporated in a lease, is objectionable and should be excluded.

Argued January 17th—decided March 8th, 1911.

ACTION to recover rent, and damages for alleged breaches of covenants in a lease, brought to the City Court of New Haven and tried to the jury before *Mathewson, J.;* verdict and judgment for the defendants, and appeal by the plaintiff for alleged errors in the rulings and charge of the court. *Error and new trial ordered.*

*Ward Church*, for the appellant (plaintiff).

*Robert C. Stoddard*, for the appellees (defendants).

HALL, C. J. The complaint in this action, dated February 1st, 1906, contains three counts. The first alleges that under a written lease to the defendants of the premises in question for the term of five years from November 1st, 1904, for the annual rent of $300, payable in semiannual payments of $150 in advance, there became due the plaintiff on the 1st of November, 1905, the sum of $150, which has not been paid. The second, that in violation of the covenants of the lease the defendants committed certain acts of waste, and by their abandonment of the leased premises, at the end of the first year of the term, caused the same to be damaged and injured. The third, that the defendants failed to cultivate certain trees, in accordance with the covenants of the lease. The complaint asks for $1,000 damages.

One of the answers to all the counts alleges, in substance, that the plaintiff fraudulently procured the defendants to execute the lease in question by represent-

ing to them that he would build a dwelling-house and dig a well upon the premises for the use of the defendants, and would incorporate such agreement in the written lease to be prepared, and by falsely and fraudulently stating to the defendants, who were ignorant and unable to read English, that such a provision was incorporated in the written lease which they signed; that the plaintiff refused to build the house and dig the well, and thereby prevented the defendants from using or occupying the premises, and compelled them to abandon them, which they did after due notice to the plaintiff.

The reply denies the allegations of fraud.

The errors assigned are rulings upon questions of evidence and certain language of the charge. The former call for but a brief notice.

The plaintiff's witness H. C. Smith should have been permitted to testify that the proper method of growing peach trees was to cultivate between the trees. This, it is alleged, the defendants had covenanted to do, and the evidence offered tended to support the plaintiff's claim for damage for the breach of that covenant.

The testimony received of the defendant Ferrucci, that the plaintiff orally promised to build a house and dig a well, was inadmissible for the purpose of proving such a promise of the plaintiff as constituting in itself a defense, or of proving any agreement of the parties respecting the defendants' occupation of the premises or the conditions under which the defendants were to pay the rent reserved, different from those stated in the written lease. Such testimony was, however, admissible in support of the averments of fraud contained in the answer, when offered in connection with evidence that the plaintiff promised to have such agreement incorporated in the written lease, and evidence that he falsely represented that it was, in fact, contained

in such lease. As we read the record it was only admitted for the latter purpose, and in connection with evidence of the character just described.

Defendants' counsel, having asked the defendant Felice if he understood a little English, asked him this question regarding a conversation between the latter and the plaintiff concerning the house and the well, which question was admitted against plaintiff's objection: "Now, what was said, what was to be put in that lease, as you understood it?" The part of the inquiry "what was said," was proper, but the added words rendered the entire question inadmissible. Both the question and the witness' answer of what he understood was to be put into the lease should have been excluded.

The trial judge properly charged the jury that the burden of proving the fraud alleged in the answer rested upon the defendants, and left the question of fraud as one of fact for the jury. In another part of his charge, in speaking of the position of the plaintiff, upon proof of the averments of the complaint, the court said: "In regard to the rent, if you find that the lease is a good lease [evidently meaning not procured by fraud] then you must find that the plaintiff is entitled to one hundred and fifty dollars for the rent that was due the first of November." Counsel for defendants thereupon interrupted the court, and said: "Your Honor, if they abandoned it by consent, would it then be due?" The court replied: "No, not if they abandoned it by consent," and added, in substance, that if there was no agreement between the parties by which the defendants were permitted to surrender the leased premises their verdict should be for the $150 rent due November 1st, but that if there was such an agreement and surrender there should be a deduction for the term for which it was so abandoned by the plaintiff's consent.

Swayne *v.* Felice.

As it seems to have been unquestioned that the defendants left the premises at the end of the first year, and had paid the rent for the first year, the plaintiff, under the charge of the court, would not have been entitled to recover under the first count of the complaint, if the jury found that the defendants so abandoned the premises with the plaintiff's consent.

But the pleadings presented no such issue as that endeavored to be raised by the interrupting question of counsel, and submitted to the jury by the court's charge. If, at the end of the first year, there was some new arrangement under which the defendants surrendered the premises, and the plaintiff accepted them, so that the leasehold interest became extinct by mutual agreement, which the question of counsel and the charge seems to imply there may have been, that fact should have been pleaded in the answer. The only justification for the abandonment of the premises suggested in the answers is the failure of the plaintiff to build the house and dig the well, and his fraud in procuring the defendants to execute the lease. The interruption of counsel was improper, and the charge of the court, in answer to the interrupting question, erroneously submitted to the jury an issue which was not in the case, and upon the decision of which they may have based their verdict.

There is error and a new trial is ordered.

In this opinion the other judges concurred.