PATRICK JORDAN vs. ABRAHAM J. APTER.

First Judicial District, Hartford, January Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

A complaint which, although loosely drawn, alleges that the plaintiff,
while at a trolley-car which had stopped on the highway, was
carelessly and negligently run into and injured by an automobile
operated by the defendant at reckless speed, states a good cause
of action.

The defendant claimed that there were material variances between the
allegations of negligence and the facts as found. Held that this
claim was not well founded, as the averments were broad enough,
in the absence of objection, to warrant the admission in evidence
of all the facts found by the trial court.

A defendant who contests the case upon its merits, without objection
or protest either to the precision of the complaint or to the evidence
of the plaintiff, cannot urge in this court upon appeal that there
are material variances between allegations and proof.

Conclusions of the trier as to the existence of negligence and the exer-
cise of due care, if reasonably reached upon conflicting evidence,
will not be disturbed by this court upon appeal.

Assignments of error which find no support in the record, present no
questions for this court to consider.

In the present case the plaintiff sustained serious and permanent in-
juries to his face, shoulder, fingers and legs, by being knocked
down and dragged between forty and fifty feet by the defendant's
automobile, and he was five weeks in a hospital under treatment
and unable to work for more than four months. Held that a ver-
dict for $2,000 was not excessive.

The defendant offered in evidence, to contradict the plaintiff's testi-
mony, a hospital record purporting to contain a history of the

plaintiff's case, including the manner, description and extent of his injuries. It did not appear to have been made or kept in accordance with any requirement of law, nor did it appear by whom the statements were made or who entered them upon the record. *Held* that the record was purely hearsay and plainly incompetent to prove the existence of any fact therein stated.

A rectification of the appeal which, if made, would be of no avail to the appellant, will be denied.

Argued January 9th—decided February 19th, 1919.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and tried by the Superior Court in Hartford County, *Burpee, J.;* facts found and judgment rendered for the plaintiff for $2,000, and appeal by the defendant. *No error.*

The plaintiff alleged that "on the 24th day of February, 1915, at about the hour of 9 A. M., said Patrick Jordan, an employee of the said Oliver W. Mills, and in the course of his employment, was on a public street known as Windsor Ave. in the city of Hartford, at a place in said street near Westland St., which said place is a stopping station for passing trolley cars, and at which said station, at the said time, there was stationed a north bound trolley car, and the said Patrick Jordan was then and there carelessly and negligently run into by an automobile run and operated by the defendant, at reckless speed, and by the want of proper care and attention on his part. Solely by reason of the defendant's negligence as aforesaid, the plaintiff, Patrick Jordan, received a fracture of the outer end of the right collar bone, and also a fracture of the left fibula in the upper third, together with a very severe sprain on the left ankle, and his body otherwise injured, sore, maimed and disordered, and suffered and still suffers great pain and distress; that he has been, and will be for a long time, unable to labor, and from which he was receiving an income of Fifteen (15) dollars per week;

that he has necessarily expended a large sum of money in endeavoring to be cured of his said injuries, and will hereafter expend a large sum of money in further necessary medical treatment. Said injuries were caused·solely by the carelessness and recklessness of the defendant, and without fault on the part of the said Patrick Jordan."

These allegations were met by a general denial. The answer also contained three other defenses which, for the purposes of this case, need not be stated.

*John J. Dwyer*, for the appellant (defendant).

*Saul Berman* and *Charles Sudarsky*, for the appellee (plaintiff).

RORABACK, J. The appeal claims certain corrections in the finding; assigns error in the rulings of the court upon the question of negligence, in the rendition of a judgment in favor of the plaintiff, and in the assessment of damages. The defendant contends that there are material variances between the allegations of negligence and the evidence offered in support of them. The complaint, although loosely drawn, states facts which constitute a good cause of action. It also appears that the allegations set forth in the complaint are broad enough, in the absence of objection, to warrant the admission in evidence of all the facts found by the trial court. Therefore there was no material variance. Moreover, there was no motion made that the complaint be made more specific, or any objection raised as to the admission of the plaintiff's testimony. The defendant, after contesting the case upon its merits, without objection or protest, cannot now maintain that it appears that there are material variances between allegations and proof.

The trial court has found from the evidence that the

plaintiff at the time of the alleged injury was in the exercise of due care, and that his injuries were sustained by the negligence of the defendant. The defendant contends that neither of these conclusions are warranted by the evidence, which is now before us, and we are asked to correct the finding so that it shall express directly opposite conclusions. This we cannot do, as the record discloses that there was evidence from which the trial court could have fairly reached the conclusions complained of. The same considerations apply with equal force to all of the exceptions made by the defendant as to the finding of facts as made. The testimony as to all of these matters was conflicting, and it clearly appears that the trial court might reasonably have reached the conclusions which it adopted.

Several assignments of error are not supported by the record. They all relate to alleged refusals to find as requested. An examination of the record discloses that not one of these alleged facts is set forth in the defendant's proposed finding of facts. It necessarily follows that we have nothing to consider upon this branch of the case.

We find nothing in the record to justify the defendant's claim that the damages awarded by the trial court are excessive. The plaintiff when injured was earning $30 a month and his board. The injuries which he sustained were occasioned by being knocked down and dragged a distance of between forty and fifty feet by the defendant's automobile. The testimony offered in his behalf was to the effect that the injuries which he sustained to his face, shoulders, fingers and legs were of a serious and permanent nature. It appears that after he was released from the automobile he was immediately taken to a hospital, where he remained about five weeks under treatment, and that he was unable to work for more than four months

after the accident. Upon his direct examination upon the trial of the case, which took place more than three years after he was injured, the plaintiff in part testified: "Q. Whereabouts were you hit? Have you any marks? A. Yes, I have some marks. My shoulder here,—anybody can see that. Q. What is the matter with your shoulder? A. It is broken, there's a big bunch growing there—where it fell in. . . . Q. Does it annoy you? A. Yes, it annoys me all the time, I can't sleep nights with it. I have three fingers pretty near disabled, hardly able to use them; my leg was all used up—fractured; and the side of my face where I was dragged on the street, it is all marked. Q. Are those marks on the face the result of the—— A. Yes, I was dragged on the street. . . . Q. Now I would like to have you show your fingers that were hurt to his Honor. Stand up and show just where you were hurt—show the injuries on your face. A. It was all from being dragged along. Then there is a big bunch growing here, the bone is growing out, growing larger and larger every day. . . . Q. Mr. Jordan, do these injuries bother you at the present time? A. Yes." From this and other testimony offered by the plaintiff, we do not think that the amount of $2,000 awarded as damages is so excessive as to justify this court in setting it aside.

The defendant has made an application to rectify the appeal under General Statutes, § 5835. The matter which the appellant has asked us to rectify relates to the alleged admission of a document purporting to be a record of the Hartford hospital, where the plaintiff was taken after he was injured. This record purports to contain a history of the plaintiff's case, the manner in which he was injured, and also a description of the nature and extent of his injuries. It was produced by the superintendent of the hospital, who

stated that the record was made in the usual course of business or practice of the hospital. This witness also testified as follows: "Q. When a man is brought to the hospital in a more or less unconscious state by another party, don't they take the history of the case from the man who brings him? A. I should think if the patient himself were not able to give a statement they would take it from the other man or any other source from which they could. Q. It may have been given by Apter himself? A. I don't know, I wouldn't say one way or the other. Q. You weren't in the hospital at the time this man was admitted. A. No, sir. Q. You don't know whose handwriting this is? A. No. Q. You don't know who made the statement? A. No."

Admitting that the statements set forth in this document were properly before this court, it could not have any legitimate bearing upon the decision of the case as it now appears to us. This record was not competent to prove the existence of any fact therein stated. Hearsay evidence is never competent to prove the existence of facts, except in particular and exceptional cases which have no relation to the question now before us. It does not appear that this record was made or kept in accordance with any requirement of law, neither is it shown by whom these statements were made or who entered them upon the records of the hospital. Such testimony is plainly incompetent, and it could serve no useful purpose if before this court. 4 Chamberlayne on Evidence, pages 3794–3796, and cases cited in notes; 1 Wharton on Evidence (3d Ed.) § 175; Stephen's Digest of the Law of Evidence (Conn. Notes) Art. 14, Chap. 4. For these reasons the application to rectify the appeal is denied.

There is no error.

In this opinion the other judges concurred.