JOHN HENRY DOERR, ADMINISTRATOR, vs. THE WOODLAND TRANSPORTATION COMPANY.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

The jury might reasonably have found from the evidence that, although the operator of the defendant's truck could, in the exercise of reasonable care, have distinguished persons at a distance of one hundred and fifty feet and vehicles at a distance of two hundred feet and could have discerned the outlines of a standing automobile at a distance of eight hundred feet, he failed to observe another truck which had been halted by a policeman at the extreme edge of the paved portion of a highway, and crashed into the rear of it, killing the plaintiff's intestate, who was stooping beneath the truck for the purpose of

Doerr *v.* Woodland Transportation Co.

repairing its rear light. *Held* that the jury were justified in concluding that the negligence of the defendant's driver was the proximate cause of the collision and that the decedent's conduct did not materially contribute thereto.

A general allegation that the defendant operated his automobile "in a careless, reckless and negligent manner, having regard to the width of the road, traffic and other conditions then and there present or reasonably to be anticipated by one in the exercise of due care," is sufficient to admit proof of any acts which might reasonably be held to fall within its terms, such as the speed of the car or the failure of the driver to keep a proper lookout, especially where the defendant makes no effort to secure a more specific statement.

Where several acts of negligence are alleged, proof of any one of them is sufficient to sustain a recovery.

It is not the duty of the operator of a motor vehicle to proceed at such a speed as will enable him to timely stop it to avoid a collision and; therefore, to have complete control of his car, unless the conditions of traffic are such that an excessive rate of speed necessarily makes the liability of collision imminent.

The trial court read to the jury that portion of § 25 of Chapter 400 of the Public Acts of 1921 which provides that the operation of certain commercial vehicles beyond a designated speed shall be prima facie negligence, although it was undisputed that the defendant's truck was not exceeding that speed. *Held* that the error was harmless.

The violation of a statutory rule for the operation of a motor vehicle may be found by the jury to constitute negligence.

Argued November 5th, 1926—decided March 2d, 1927.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County and tried to the jury before *Nickerson, J.;* verdict and judgment for the plaintiff for $8,500, and appeal by the defendant. *No error.*

*Daniel L. O'Neill,* with whom was *Jeremiah D. Shea,* for the appellant (defendant).

*John A. Cornell, Jr.,* with whom was *Thomas A. Finn,* for the appellee (plaintiff).

WHEELER, C. J.   The jury might reasonably have found that the plaintiff's decedent, Doerr, was, because of the speed at which he was driving upon the highway and the absence of rear lights upon his truck, ordered by a State policeman to stop his truck; he immediately brought his car to a stop upon the approach to and about one hundred and fifty feet from the easterly end of a bridge on the Boston Post Road in Westport, and at the extreme edge of the paved portion of the highway parallel with and about two feet north of the trolley tracks upon the southerly side of the highway.   While Doerr was under his truck endeavoring to repair the lantern attached to the rear of the truck, Kane, a fellow employee, and the officer stood at the rear of the truck; the officer seeing the reflection of light upon the tail board of the truck looked to the west and saw defendant's truck approaching from the west ten to fifteen feet distant, and calling, "Look out," jumped into the car track, while Kane jumped to the north into the traveled way. Doerr was in the act of rising from his stooping position beneath his truck when defendant's truck collided with it and Doerr was instantly killed.   The time of the collision was about 9:15 p. m.; the natural light of the evening was such as would enable the driver of defendant's truck to see this standing truck at a distance of at least two hundred feet, unaided by the lights on his own truck, or any other artificial light. The artificial light at this point, combined with the natural light of the night, was such as to have disclosed the outline of this standing truck to the driver of defendant's car when eight hundred feet distant from the standing car and during all of this intervening space.

The lights upon defendant's truck were lit at the time of this collision and would disclose persons on

the highway at a distance of one hundred and fifty feet and vehicles at a distance of two hundred feet, without the aid of other artificial light. There was nothing to interfere with the vision of the driver of defendant's truck in this space of eight hundred feet. The driver could not account for his failure to observe the standing truck or the persons in its rear in time to have avoided the collision. If the jury found these to be the facts, they would fully justify the conclusion that the negligence of the defendant's driver was the proximate cause of the collision and, as a consequence, of Doerr's death, to which he did not in material degree contribute.

The appeal assigns error in portions of the charge which appellant claims permit the plaintiff to recover for causes of action based on grounds of negligence not alleged in the complaint. The only grounds of negligence claimed are those recited in paragraph five of the complaint: "Immediately prior to and at the time of said collision, defendant's said servant and agent was operating defendant's said motor truck in a careless, reckless and negligent manner, having regard to the width of road, traffic and other conditions then and there present or reasonably to be anticipated by one in the exercise of due care, and the injuries sustained by the deceased were caused by, and his death resulted from said careless, reckless and negligent conduct on the part of defendant's said servant and agent."

These allegations are practically those found in § 25 of Chapter 400 of the Public Acts of 1921. The general allegation of a careless, reckless and negligent operation by defendant's servant would admit proof of any acts which might be reasonably held to fall under the terms of a careless, reckless and negligent operation. Of course, the speed of the truck and the failure

of the driver to keep a proper lookout might certainly come within the characterization of a reckless and negligent operation.  Allegations of this general import were sustained in *Jordan* v. *Apter,* 93 Conn. 302, 105 Atl. 620, and *Mezzi* v. *Taylor,* 99 Conn. 1, 9, 120 Atl. 871.  Defendant waived its opportunity to secure a specific statement of these generalizations; it is too late to now complain of a material variance between the proof and these allegations.  *Jordan* v. *Apter,* 93 Conn. 302, 304, 105 Atl. 620.

The court was correct in charging: "Where several acts of negligence are alleged by the plaintiff, as in this case, it is not necessary that all of those acts of negligence be proven in order to entitle the plaintiff to recover.  It is sufficient if any one or more of them be proven."  Error is predicated upon this charge: "An automobile is a dangerous instrumentality of traffic.  By reason of its great weight, speed, power and momentum a collision with an automobile will ordinarily be more serious and disastrous in its results than collisions between persons or other vehicles.  It is because of this danger and the results which are likely to follow from the collision of an automobile that reasonable care in its operation means great care, for it is only by such great care that such a vehicle can be reasonably and safely operated upon the highway.  Hence it necessarily follows that the driving of an automobile at a high rate of speed through the streets of a town or across bridges at a time and in a place where there are other vehicles passing or attempting to pass or other automobiles going in the same or opposite directions at an excessive rate of speed would be negligence.  The legal duty of one operating a motor vehicle is to operate it only at such speed as will enable him to timely stop it to avoid a collision either with another vehicle or a pedestrian.

It is, therefore, one's duty to have complete control of the car he is driving." This part of the charge is taken from our opinion in *Irwin* v. *Judge,* 81 Conn. 492, 501, 71 Atl. 572. The latter part of this quotation, as to the duty to operate the automobile at such speed as to timely stop in order to avoid a collision, obviously has reference to the situation just referred to in a place where, because of traffic conditions, the liability of collision was imminent. As applicable to such a situation the charge was correct. The last two sentences quoted should never be used in a charge, by themselves, as stating a definite rule of law. If used, it should only be in connection with the explanation that this standard of conduct was only applicable to a traffic situation where an excessive rate of speed by an automobile necessarily made the liability to collision imminent.

Error is also predicated in the reading to the jury of § 26 (b) of Chapter 400 of the Public Acts of 1921, when these provisions of the statute are not specifically alleged in the complaint. They provide that the exceeding of a named rate of speed for commercial vehicles of a defined tonnage and not entirely equipped with pneumatic or cushion tires shall be prima facie negligence. If the defendant had in fact operated its truck in violation of these provisions of the statute, the plaintiff might under the general allegations of the complaint have proved these facts. The findings show that the defendant did operate its commercial truck not equipped with the tires specified, but it was undisputed that the truck was not traveling at over fifteen miles an hour, hence its violation of these provisions of the statute was not before the jury, and in the absence of evidence bringing the case within the statute, we are of the opinion that the mere reading of this part of the statute to the jury was at most a

harmless error. The court read a provision of Chapter 246 of the Public Acts of 1923, and charged the jury relative to the duty of the defendant in operating its motor vehicle; this was clearly correct. If the defendant failed to comply with the provisions of this statute, the jury might have found it negligent. *Lukosevicia* v. *Bartow,* 99 Conn. 723, 727, 122 Atl. 709; *Pietrycka* v. *Simolan,* 98 Conn. 490, 495, 120 Atl. 310.

Other assignments of error included under this point are sufficiently covered in what we have already said. The remaining assignments of error relate, in the main, to the subject of the contributory negligence of the plaintiff. Reading the charge as a whole, we discover nothing erroneous upon this subject-matter, nor in the other assignments of error to which we have not directly referred.

There is no error.

In this opinion the other judges concurred.