ROSIE KOZMA *vs.* MICHAEL PALUMBO ET AL.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 13th—decided June 6th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County and tried to the jury before *Nickerson, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *No error.*

*John Keogh,* for the appellant (plaintiff).

*Seth W. Baldwin,* for the appellees (defendants).

PER CURIAM.   The portion of the charge made the subject of the fourth assignment of error does not appear in the charge as quoted in the record.   The fifth assignment of error is that the court imported into the case the element of contributory negligence when no claim was made upon the trial that this element was in the case.   The court necessarily was required to present the law relating to this element in the plaintiff's case, which it did, as a reading of the entire charge shows, correctly.   In one portion of the instructions the court observed: "There is no evidence, and I believe no claim has been made that her negligence contributed to the injury, and you will have very little or no difficulty should you reach that branch of the case."   In view of this, there is no basis for the claim that the jury could have been misled.   There is, too, no merit in the assignments of error relating to the refusal of the court to accept the verdict in favor of the plaintiff and in returning the jury to a second, and

thereafter a third, consideration.    General Statutes, § 5788, expressly confers such authority upon the court.    There was no abuse of the discretion of the court in the exercise of its authority under this statute. The rulings upon evidence admitting questions which plaintiff's counsel claimed to be leading were inconsequential and within the discretion of the trial court.

There is no error.