### Antoinette Lanfare *vs.* Fred J. Putnam.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued April 8th—decided July 5th, 1932.

*H. Frederick Day* and *William A. Bree,* for the appellant (defendant).

*Stanley Dunn* and *Edward J. Lynch,* for the appellee (plaintiff).

Maltbie, C. J.  This is an action by a pedestrian to recover damages resulting from being run into by an automobile driven by the defendant, while she was crossing a city street.  The defendant offered no evidence except upon the matter of damages and consequently the finding states only the facts as to liability which the plaintiff claimed to have proved.  These are in brief as follows:  The plaintiff, then about sixty-eight years of age, started to cross a one-way street in New Haven at a crossing which pedestrians were

accustomed to use, at about five o'clock in the afternoon of January 5th, 1931, while it was still light enough to see. She walked at her usual gait which she described as "fast." She had a clear view down the street in the direction from which the defendant was approaching. After looking both ways and seeing only one car half a block away she proceeded straight across the street, looking neither way, until she had almost reached the opposite side when she was struck by the defendant's car. The defendant did not see her until his automobile struck her, although he had ample time to observe her and to avoid striking her, and he gave no warning of his approach. The claims of proof do not state how broad the street was at this point and we cannot assume it was unusually narrow or that it presented any conditions not ordinarily found in city streets.

The principal claim of error assigned upon the finding is the fact that the trial court upon this state of facts submitted to the jury the issue of the plaintiff's right to recover upon the doctrine of the last clear chance. The facts are almost identical with those before this court in *McLaughlin* v. *Schreiber*, 105 Conn. 610, 136 Atl. 467, which undoubtedly the trial court followed. But for reasons given at length in *Correnti* .v. *Catino*, 115 Conn. 213, 160 Atl. 892, we have reconsidered the application of the doctrine in such situations and overruled that case in so far as it holds that these facts are sufficient to make the doctrine applicable. (The plaintiff's claims of proof do not indicate that she arrived in a position of peril from the defendant's automobile a sufficient length of time before the accident to bring into operation the elements in the latter's conduct which would be necessary to the application of the doctrine, but rather the contrary. If the plaintiff was negligent in proceeding across the

street without looking to see whether automobiles were approaching, the finding affords no basis for any reasonable conclusion other than that her negligence continued down to the time of the accident and was a substantial factor in bringing it about. The doctrine of the last clear chance had, therefore, no place in the case and should not have been submitted to the jury as a basis of a possible recovery by the plaintiff.

No good purpose would be served by discussing other claimed errors.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.