WILLIAM S. STRONG *vs.* WILFRED J. CARRIER.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 3d—decided February 14th, 1933.

*M. Joseph Blumenfeld,* for the appellant (defendant).

*Andrew D. Dawson,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff brought this action for damages for injuries caused him by an automobile being driven by the defendant, and from the judgment upon a verdict in favor of the former the latter has appealed.  The principal error claimed is that the trial court submitted to the jury the issue of the plaintiff's right to recover upon the ground of the defendant's

supervening negligence. The complaint contained allegations of negligence of a kind which would afford a basis for a verdict for the plaintiff upon the ground of supervening negligence on his part, such as his failure to slow his car upon seeing the plaintiff in the street and to have it under proper control. The record bears out the defendant's contention that neither in the complaint nor on the trial did the plaintiff specifically invoke the doctrine. In *Correnti* v. *Catino,* 115 Conn. 213, 160 Atl. 892, we said that the trial court need not consider the doctrine, nor charge the jury with reference to it unless the plaintiff's purpose to invoke it as an issue in the case is evidenced either by a definite reference to it in the complaint or by claiming it to the court upon the trial. It does not follow that, where the complaint presents the issue, and the facts in evidence afford reasonable ground for its application, a trial court will be held in error in submitting the issue to the jury even though it was not invoked. As we have frequently pointed out, a trial judge is not an umpire in a forensic encounter of advocates and he may and should submit to the jury any issues within the pleadings reasonably supported by the evidence produced which are necessary to secure justice between the parties. Error upon the part of the trial court in submitting the issue of supervening negligence to the jury in this case, can only be predicated upon the failure of the facts claimed by the parties to have been proven to afford a reasonable basis upon which it could be found to exist. In that connection it may well be noted that the court did not have the advantage of our decision in the *Correnti* case when this action was tried because that decision had not then been handed down.

The plaintiff came out of a church upon the westerly side of Cherry Street in Waterbury. The street is

about thirty-three feet wide at this point. It was snowing or raining and the street was wet. The plaintiff's automobile was parked on the opposite side of the street. He started to cross it and the accident occurred before he had reached his car. Beyond these facts the circumstances involved in the accident claimed to have been proven by the parties differ materially. According to the plaintiff's claims of proof, when he reached the curb of the street he looked in both directions, saw the defendant's car approaching some distance away and, without looking again, proceeded to cross the street at a fast walk; he was within three to five feet of his car when the accident occurred; the defendant was driving his car at about thirty miles an hour and when it was about fifteen feet from the plaintiff it swerved to the east across the center of the highway, the shrieking of brakes was heard, and he was struck by its left side. According to the defendant's claims of proof, he was traveling upon his right side of the street; there were some automobiles parked along the westerly side of it; the plaintiff came from between two of them; the defendant did not see him until his car was about fifteen feet away; the plaintiff was then about three feet easterly of one of the cars parked on the westerly side of the street; the defendant immediately put on his brakes, turned his car to the left and blew his horn; the car began to skid, but the plaintiff continued forward and walked into the right side of it. There was no evidence as to the distance in which the defendant's car could have been stopped.

From the plaintiff's claims of proof it is difficult to see how he was guilty of contributory negligence which substantially contributed to bring about the accident, for he had passed well beyond the center of the highway and out of the path of the approaching automobile until it swerved to the east when about

fifteen feet from him; and if he were not guilty of contributory negligence there would be no occasion to apply the doctrine of supervening negligence. *Correnti* v. *Catino, supra,* p. 215. But, that aside, under the plaintiff's claims of proof he was not in a position of peril from the defendant's automobile until it swerved across the center of the street, it was then only fifteen feet from him, the defendant put on his brakes and it does not appear that he could in the exercise of reasonable care have avoided the accident after his car changed its course; and under the defendant's claims of proof, while the plaintiff might be found to have been in a position of danger almost as soon as he came out from between the parked automobiles, there is no evidence from which the jury might reasonably have found that the defendant saw or ought to have seen him in time, by the exercise of reasonable care, to prevent the accident. Whichever claims of proof the jury found proven, there is no reasonable basis for the application of the doctrine, and the trial court should not have charged as to it. Nor in this case can we regard its doing so as harmless. *Lanfare* v. *Putnam,* 115 Conn. 267, 161 Atl. 242; *Fine* v. *Connecticut Co.,* 92 Conn. 626, 630, 103 Atl. 901.

This requires a new trial and we do not consider the other reason of appeal assigned, that the trial court failed to charge as requested concerning the duty of a pedestrian crossing a street at a place other than a crosswalk, further than to point out that it might well have charged more specifically than it did upon this point.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.