THERESA KILDAY *vs.* CARO C. VOLTZ ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 3d—decided June 20th, 1933.

*Samuel H. Platcow,* with whom was *James J. Corrigan,* for the appellant (plaintiff).

*Joseph B. Morse,* with whom, on the brief, were *Philip Pond* and *Daniel D. Morgan,* for the appellees (defendants).

MALTBIE, C. J. The plaintiff with several others was a passenger in an automobile being driven by James

L. Kilday when it came into collision, at a street intersection, with an automobile operated by one of the defendants within the scope of his employment by the other defendant. Four actions were brought against the defendants as a result of the injuries received in the accident by those riding in the Kilday car, one being brought by Kilday himself, and all were tried and submitted to the jury together. The jury returned a verdict in the case before us for the defendants and the plaintiff has appealed.

The plaintiff assigns error in certain portions of the charge. She filed no requests to charge and the charge as given was as a whole correct in law and adequate for the guidance of the jury. The court did not specifically charge the jury upon the effect of concurrent negligence by Kilday and the defendant driver, but it did charge that if the jury found Kilday to be guilty of contributory negligence this would bar a recovery by him but would have no effect upon a recovery by the other plaintiffs, and this was a sufficient charge under the circumstances of the case. In one portion of the charge the trial court told the jury that it was not their duty to determine who was at fault for the collision and that each driver might have acted as a reasonably prudent person would have; just what the trial court meant to convey by this statement is not clear, but it is to be read in the light of the portion of the charge immediately following, where the trial court correctly instructed the jury as to their duty to determine whether the defendant driver was guilty of negligence which was a proximate cause of the accident and whether each of the plaintiffs was guilty of contributory negligence; and in view of that instruction and the discussion of the issues elsewhere in the charge we cannot see how the jury could have been misled.

The trial court submitted to the jury the issue

whether the plaintiff was guilty of contributory negligence. She claims that, upon the facts stated in the finding, there was no conclusion reasonably possible except that she was not guilty of contributory negligence, and contends that the trial court should not have left the issue to the jury. In *Water Commissioners* v. *Robbins*, 82 Conn. 623, 643, 74 Atl. 938, we said that it was the duty of a court to submit no issue to the jury which was foreign to the facts in evidence or upon which no evidence had been offered sufficient to afford a reasonable basis for more than one conclusion. See also *Carlson* v. *Connecticut Co.*, 94 Conn. 131, 137, 108 Atl. 531. We have held in a number of cases that it was error to submit to the jury as a basis for recovery by the plaintiff an issue which was not raised by the pleadings or had no reasonable basis in the evidence. *Berman* v. *Kling*, 81 Conn. 403, 71 Atl. 507; *Swayne* v. *Felice*, 84 Conn. 147, 151, 79 Atl. 62; *Russo* v. *McAviney*, 96 Conn. 21, 28, 112 Atl. 657; *Mills* v. *Roto Co.*, 104 Conn. 645, 650, 133 Atl. 913; *Lanfare* v. *Putnam*, 115 Conn. 267, 269, 161 Atl. 242; *Strong* v. *Carrier*, 116 Conn. 262, 265, 164 Atl. 501. In *Fine* v. *Connecticut Co.*, 92 Conn. 626, 630, 103 Atl. 901, however, we pointed out that the submission of such an issue, while improper, might not under all conditions constitute harmful error. In *Sullivan* v. *Krivitsky*, 100 Conn. 508, 510, 123 Atl. 847, a case where there was no evidence before the jury upon which they could reasonably find the plaintiff, a passenger in an automobile, guilty of contributory negligence, we said that the trial court should have so instructed them. But we did not found our decision of that case upon the failure of the trial court so to instruct the jury, nor have we ever held it to be reversible error for the trial court to submit to the jury the issue of a plaintiff's contributory negligence where

the record afforded no reasonable basis upon which such negligence could have been found to have existed. See *Kozma* v. *Palumbo,* 106 Conn. 728, 137 Atl. 731; *Doerr* v. *Woodland Transportation Co.,* 105 Conn. 689, 694, 136 Atl. 693. Contributory negligence is simply one element, the lack of which is necessarily to be established by a plaintiff, and is not in itself a basis of recovery; and ordinarily the submission of the issue to the jury in a situation where the trial court might have given instructions upon it as a matter of law is not a sufficient ground for reversible error. In the present case, the charge of the trial court as to the duty of the plaintiff as a passenger in the automobile was correct. The court told the jury that the plaintiff's duty was very light, that she had no control of the operation of the automobile and was not bound to direct its operation, and that generally speaking a passenger in an automobile has no duty to direct its operation. We cannot believe that the jury were misled into finding the plaintiff guilty of contributory negligence in view of the charge and the facts in evidence, and the failure of the trial court to instruct the jury that she could not be held guilty of contributory negligence as a matter of law is not reversible error.

There is no allegation in the complaint which would make applicable a charge with reference to the statute, General Statutes, § 1597, which provides that no article shall be attached to any motor vehicle in such manner as to interfere with an unobstructed view of the highway.

The plaintiff moved to set the verdict aside as against the evidence. The collision occurred at the intersection of Derby Avenue and Forest Road in West Haven. The defendant's car was proceeding westerly on Derby Avenue and the car in which the plaintiff was riding was proceeding northerly on Forest Road.

The jury might reasonably have found that the driver of the defendant's car was operating it at a speed of about twenty-five to thirty miles per hour when he was some three hundred feet east of the intersection; that he saw the other car approaching the intersection when it was about the same distance away and proceeding at about the same speed; that the two cars were approaching the intersection at approximately the same time and the defendant, being on the right of the other, had the right of way; that the defendant driver, just before he reached the intersection, slowed his car until it was going fifteen miles an hour; that he looked to the right, saw a car approaching, which came to a stop at the intersection so as to give him the right of way; that he then looked to the left and saw the car in which the plaintiff was riding, which was then about at some trolley tracks which are at the south side of Derby Avenue at this point; that the driver of the car was apparently slackening its speed to let the defendant driver have the right of way; that the latter thereupon increased his speed to go through the intersection and at almost the same moment the driver of the other car did the same; that the defendant driver seeing this put on his brakes but the two cars came together in the intersection. Upon the basis of such a finding, a conclusion by the jury that the defendant was not negligent would be entirely reasonable. There was no error in the denial of the motion to set the verdict aside.

There is no error.

In this opinion the other judges concurred.