## Maria D'Ulisse-Cupo *v.* Board of Directors of Notre Dame High School et al.
## (3900)

Hull, Borden and Daly, Js.

Argued December 10, 1985—decision released February 4, 1986

*Joseph D. Garrison,* for the appellant (plaintiff).

*Thomas E. Crosby,* for the appellees (defendants).

Hull, J. The plaintiff appeals from the judgment for the defendants rendered by the trial court after it

granted their motion to strike the plaintiff's complaint. We conclude that each of the three counts of the plaintiff's complaint stated a cause of action and, accordingly, we find that the trial court erred in striking the complaint.

The plaintiff brought suit against the named defendant and its principal, George Schmitz, for wrongfully discharging her as a teacher at Notre Dame High School. The plaintiff's complaint sounded in three counts. The facts as alleged by the plaintiff are as follows:[1] The plaintiff was employed from September, 1981, until June, 1983, at Notre Dame High School as a teacher of Spanish and Italian under two successive one year contracts of employment. On or about March 21, 1983, Schmitz told the plaintiff that there would be no problem with her teaching certain courses and levels the following year, that everything looked fine for her rehiring for the next year, and that she should continue to organize an exchange program. Sometime between April 11 and 15, 1983, Schmitz or his authorized representative posted a written notice which stated: "All present faculty members will be offered contracts for next year." Immediately upon her return from an exchange trip to Italy which she had organized for the school, the plaintiff was again informed that she would have a contract for the next year. The plaintiff relied to her detriment upon these oral and written promises.

The plaintiff further alleged that on or about May 4, 1983, she was told that her contract would not be renewed due to staff cuts in the English, religion and language departments. The plaintiff asserted that she was fully qualified for employment with the defendants

---

[1] The second and third counts of the plaintiff's complaint included all of the allegations of the first count except paragraph eleven which alleged that "the defendants wrongfully terminated the employment of the plaintiff in breaking their oral and written promises of continued employment."

and had greater seniority than other teachers whose contracts were not terminated. The plaintiff claimed that as a result of her wrongful discharge, she suffered the stress of unemployment, loss of esteem, damage to her professional career and reputation, lost wages and fringe benefits, and mental and physical pain and suffering.

The plaintiff alleged the following additional facts in support of her third count. On or about May 27, 1983, Schmitz interviewed the plaintiff for a teaching position in the English department. The plaintiff was qualified to teach English. Prior to this interview, Schmitz had told the plaintiff and other teachers that the defendants would do everything possible to avoid discharging teachers. Despite these promises, the defendants hired an outside applicant as a one year replacement for the English position, rather than the plaintiff. The defendants did not offer the plaintiff substitute teaching positions, although she was both available and qualified for the positions. Nor did the defendants explore other alternatives to firing the plaintiff. The breach of these promises caused damage to the plaintiff.

The defendants moved to strike all counts of the plaintiff's complaint, asserting that the complaint failed to state a claim upon which relief could be granted because the plaintiff was an at-will employee and could, therefore, be terminated for any reason. The court granted the defendants' motion as to the first count, reasoning that while an employer can be responsible in damages under the wrongful discharge doctrine if the former employee can prove that the dismissal was made for reasons which violate an important public policy, the plaintiff, as an at-will employee, was not within the class of persons sought to be protected by the wrongful discharge exception. The court also noted that the plaintiff was not "discharged from employment," she merely was not rehired. In deciding the

motion to strike the second count, the court, relying on 4 Restatement (Second), Torts § 552,[2] ruled that the plaintiff could not prevail because she had not alleged that the defendants failed to exercise reasonable care or competence in obtaining or communicating the information to the plaintiff, which is a necessary element of negligent misrepresentation as propounded in the Restatement. As to the third count, the court held that a valid cause of action existed only if the court found that the plaintiff had alleged a binding contract between the plaintiff and the defendants or if the plaintiff's claims came within the doctrine of promissory estoppel. The court, applying the contract test to the plaintiff's complaint, found that the third count did not state a cause of action since there was no allegation or inference that the plaintiff accepted the alleged offer. Concerning the claim of promissory estoppel, the court relied on 1 Restatement (Second), Contracts § 90,[3] and concluded that while the plaintiff had alleged a promise by the defendants and her detrimental reliance, she had not, as required by the Restatement, alleged that the defendants "reasonably expected to induce action or forebearance" on her part.

"It is axiomatic that, in passing on a motion to strike based on a claim of failure to state a cause of action, we must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly

[2] 4 Restatement (Second), Torts § 552 provides in pertinent part: "(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

[3] 1 Restatement (Second), Contracts § 90 provides in pertinent part: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. . . ."

limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. *Amodio* v. *Cunningham,* 182 Conn. 80, 83, 438 A.2d 6 (1980); *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980); *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 3 Conn. App. 432, 444–45, 489 A.2d 398 (1985); *Greene* v. *Metals Selling Corporation,* 3 Conn. App. 40, 41–42, 484 A.2d 478 (1984)." *Schmidt* v. *Yardney Electric Corporation,* 4 Conn. App. 69, 74, 492 A.2d 512 (1985).

Concerning all three counts, we note that the plaintiff claimed wrongful termination of her employment and wrongful discharge.[4] Despite the use of these terms, it was clear in the trial court, and in this court, that the plaintiff was relying on the theory of implied contract arising out of the defendants' alleged promises to reemploy her and her alleged detrimental reliance thereon. We consider the same analysis relating to wrongful discharge of an employee to apply to a case, such as this, where the claim is a wrongful failure to rehire after a one year contract.

The plaintiff acknowledges that an employee in Connecticut generally is subject to termination at the will of the employer or, by implication, termination by failure to rehire. The plaintiff claims, however, that her case falls within an exception to this general rule. In support of this claim, she relies on dictum in *Magnan* v. *Anaconda Industries, Inc.,* 193 Conn. 558, 479 A.2d 781 (1984). In that case, the court, in considering the claim of an employee that he relied upon an implied promise to discharge only for cause, stated: "[s]ometimes the promise [to discharge only for cause] has been found in the representations contained in an employee relations manual or handbook. In appropriate circum-

---

[4] We consider the terms wrongful termination of employment and wrongful discharge to be synonymous.

stances, such an agreement may arise when an employee, in reliance on an implied representation that the position will not arbitrarily be terminated, leaves his current employment, or otherwise acts in reasonable and significant reliance on the representation." (Footnote omitted.) *Magnan* v. *Anaconda Industries, Inc.,* supra, 564–65.

The defendants rely on the general rule that either party may terminate, at any time, employment which is indefinite as to duration and such termination is permissible with or without cause. *Somers* v. *Cooley Chevrolet Co.,* 146 Conn. 627, 153 A.2d 426 (1959); *Boucher* v. *Godfrey,* 119 Conn. 622, 178 A. 655 (1935). The defendants also argue that the case of *Fisher* v. *Jackson,* 142 Conn. 734, 118 A.2d 316 (1955), is dispositive of the plaintiff's contract claim.[5] In that case, the plaintiff claimed that the defendant breached an oral agreement to employ him permanently. He sought damages from the defendant on the basis of his assertion that the defendant induced him to forego another job with another employer in exchange for the offer of permanent employment. The Supreme Court rejected the plaintiff's claim, stating that "[i]n the absence of a consideration in addition to the rendering of services incident to the employment, an agreement for a permanent employment is no more than an indefinite general hiring, terminable at the will of either party without liability to the other." (Citation omitted.) *Fisher* v. *Jackson,* supra, 736. The defendants claim that, at most, their promises to the plaintiff amounted to an indefinite term of employment.

The recent case of *Finley* v. *Aetna Life & Casualty Co.,* 5 Conn. App. 394, 499 A.2d 64, cert. granted, 198 Conn. 802, 501 A.2d 1213 (1985), is relevant to an anal-

[5] We note that this court has questioned the continued validity of *Fisher. Finley* v. *Aetna Life & Casualty Co.,* 5 Conn. App. 394, 415, 499 A.2d 64, cert. granted, 198 Conn. 802, 501 A.2d 1213 (1985).

ysis of the plaintiff's claims. Finley claimed that the defendant employer had expressed, through various means, assurance to its employees that it offered continued employment. He further alleged that during his twenty-four years with the defendant he had refused other job offers and employment opportunities in reliance on these promises made by the defendant. In finding that the trial court erred in directing a verdict, partly on the ground that Finley had failed to state a cause of action, this court relied on dictum in *Magnan* v. *Anaconda Industries, Inc.,* supra, and *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385 (1980). The *Finley* court stated: "This theory of detrimental reliance on a promise is consistent with the language of *Sheets* v. *Teddy's Frosted Foods, Inc.,* supra, 475, approving, in the context of an employment relationship, '[t]he development of liability in contract for action induced by reliance upon a promise, despite the absence of common-law consideration normally required to bind a promisor; see Restatement (Second), Contracts § 90 (1973) . . . .' " *Finley* v. *Aetna Life & Casualty Co.,* supra, 415. *Finley* thus establishes that an employer may be bound by an implied promise to fire an employee only for cause if the employee reasonably relies on that promise.

While the plaintiff did not claim an express contract in her first count, her allegations that the defendants promised that "all present faculty members will be offered contracts for next year," as well as her allegation of other statements concerning rehiring, coupled with her claims that she relied to her detriment upon these oral and written promises, construed broadly and in her favor, fairly state a cause of action based upon an implied promise to rehire on which she relied. Because this count stated a cause of action based on promissory estoppel, the court erred in striking it.

The court struck the second count on the ground that an essential element of the tort of misrepresentation

was not pleaded. The naked allegation of negligent misrepresentation is sufficient to withstand a motion to strike. *Scribner* v. *O'Brien, Inc.,* 169 Conn. 389, 363 A.2d 160 (1975). "The defendants could have sought a more particular description of the negligence charged through a [request to revise]. See *Doerr* v. *Woodland Transportation Co.,* 105 Conn. 689, 693, 136 A. 693 [1927]; *Eckert* v. *Levinson,* 91 Conn. 338, 341, 99 A. 699 [1917]." *Scribner* v. *O'Brien, Inc.,* supra, 399–400. A party may plead legal effect in Connecticut, as long as the pleading is sufficient "fairly to apprise the adverse party of the state of facts which it is intended to prove. . . ." Practice Book § 109. The plaintiff's complaint met this test and the court therefore erred in striking the second count.

The court also erred in striking the third count. The court, in granting the motion to strike, first found that while the plaintiff alleged a binding contract between the plaintiff and the defendants, she did not allege an acceptance of this offer. The court also found, as it did concerning negligent misrepresentation in the second count, that the plaintiff had not pleaded an element of a claim of promissory estoppel as defined in the Restatement. While there is nothing in the complaint which can be construed as an allegation of a binding contract, the complaint construed broadly, as it must be, sufficiently states a claim of promissory estoppel as described in our discussion of the first count to withstand a motion to strike. As to the court's decision that the plaintiff did not allege all of the necessary elements, the reasoning and conclusions concerning the second count apply.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.