[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO WITHDRAW OFFER OF JUDGMENT
Before the court is plaintiff Jennifer Porcu's motion to withdraw her offer of judgment to settle a counterclaim filed by defendant James Moore to which Moore objects. The court overrules Moore's objection and hereby grants Porcu's motion to withdraw the CT Page 6731 offer of judgment because the attorney filing the offer lacked authority to do so.
On November 22, 1995, the plaintiff filed a revised complaint alleging personal injuries and losses arising out of an automobile accident allegedly caused by Moore's negligent and reckless operation of a motor vehicle. Moore denied essential allegations against him and asserted a special defense and filed a counterclaim in two counts. Pursuant to terms of plaintiff's motor vehicle insurance policy, separate defense counsel was selected by her carrier to represent her on the counterclaim.
On March 19, 1997, Porcu's attorney on the counterclaim, Velez, filed an offer of judgment for $15,000 on the counterclaim. On March 25, 1997, Moore accepted the offer of judgment as "the defendant and plaintiff on the counterclaim." Thereafter, Porcu filed a motion to withdraw the offer because it was only intended to settle the counterclaim, not the original claim as well. Porcu also submitted an affidavit stating that the offer of judgment was filed without her knowledge or consent. At the hearing on this motion, personal counsel for Porcu on the original complaint testified that she did not sign any papers authorizing the filing of an offer of judgment on her client's behalf.
In support of her motion, Porcu urges the court to permit withdrawal of the offer of judgment because Moore's acceptance indicates that he is accepting the offer as means to resolve all the claims between the parties, thus precluding Porcu's plaintiff's claim under the doctrine of res judicata. Porcu also argues that the offer should be withdrawn because the offer and acceptance, by their terms, do not reflect a "meeting of the minds."
In opposition, Moore argues that an offer of judgment cannot be conditioned upon the predetermination of its legal consequences and that the res judicata effect is not ripe for adjudication because judgment has not yet been entered. The court does not have to rule whether there is some res judicata effect to observe that there is no doubt that one effect, if such an offer of judgment is allowed to stand, is that a binding judicial admission is created as to the cause of the common occurrence from which both the plaintiff's complaint and the defendant's counterclaim arose. The authority committed to the plaintiff's defense counsel on the counterclaim ended where his actions would bring prejudice to her plaintiff's complaint. Moore also argues that the language of General Statutes § 52-194 requires the court to render judgment CT Page 6732 against Porcu. General Statutes § 52-194 provides in relevant part: "Upon the filing of the written acceptance, the court shall render judgement against the defendant. . . ." Despite this statute, the court holds that the Superior Court retains jurisdiction and authority over its judgments and is not required to act in a programmed or robotic manner oblivious to important surrounding circumstances. "A judge is not an umpire in a forensic encounter."Strong v. Carrier, 116 Conn. 262, 263, 164 A. 501 (1933). "He is a minister of justice." Peiter v. Degenring, 136 Conn. 331, 338,71 A.2d 87 (1949).
The threshold issue before the court is whether plaintiff Porcu is bound by her defense attorney's (on the counterclaim) offer of judgment to Moore on the counterclaim. "The general rule is that admissions, if relevant and material, made by an attorney incidental to the general authority of the attorney to represent his client in connection with and for the purpose of controlling the matter committed to him, are admissible against the client."Collens v. New Canaan Water Co., 155 Conn. 477, 496, 234 A.2d 825
(1967). "It is hornbook law that clients generally are bound by the acts of their attorneys." Monroe v. Monroe, 177 Conn. 173, 181,413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S.Ct. 20,62 L.Ed.2d 14 (1979). However, this court holds that the application of this rule of law assumes that the attorney who so acts in a way purporting to bind his client does no more than control the matter committed to him. In this case, defense counsel Velez went beyond his authority, because he was retained for a limited purpose, namely to defend Porcu on the counterclaim. He had no authority to go beyond that and negotiate a global settlement. Furthermore, counsel for Porcu on the original complaint testified that she did not sign any papers authorizing the filing of an offer of judgment on her client's behalf. The court believes her. Velez had no authority to act as he did because the effect of what he did in filing the offer of judgment on the counterclaim without leave from his client or the plaintiff's other lawyer in the case was to weaken and compromise, if not actually destroy, the plaintiff's complaint. Therefore, the court holds that Porcu is not bound by the terms of the offer of judgment filed without her authority. It is also of considerable significance to note that the plaintiff, on November 27, 1996, had filed an offer of judgment for $85,000.00. The next pleading in the sequence filed by the clerk was an offer by the same plaintiff through her different defense counsel to have a judgment enter against her in the amount of $15,000.00 in favor of the counterclaiming defendant. Inconsistent filings prejudice plaintiff's original claim. "[T]he policy of encouraging CT Page 6733 settlements counsels against piecemeal offers of judgment."Blakeslee Arpaia Chapman, Inc. v. EI Construction, Inc.,239 Conn. 708, 746, 687 A.2d 506 (1997). See also Gagliardi v. Budhazy,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0306480 (January 25, 1995) (Hauser, J.) (permitting withdrawal of offer of judgment because of inconsistent court filings).
Accordingly, the court grants Porcu's motion to withdraw the offer of judgment for $15,000.
FLYNN, J.