[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
In his complaint, the plaintiff alleges that he was injured in the line of duty as a New London Police Officer when he attempted to serve a warrant on a felon observed in the neighborhood of 37 Tilly Street, New London, Connecticut, which was an apartment house owned by the defendant. It is alleged that the felon entered the premises retreating into a vacant apartment from which he subsequently emerged firing shots at the plaintiff injuring him.
The first count of the plaintiff's complaint CT Page 8872 alleges that his injuries were caused by the defendants' negligence in connection with several alleged violations of the New London Housing Code. The second count of the complaint alleges that a nuisance was the cause of the plaintiff's injuries.
The third count of the complaint alleges that the defendant is responsible to the plaintiff under the Connecticut Unfair Trade Practices Act (hereinafter CUTPA.)
The defendants' motion is addressed to all three counts. The parties agreed at oral argument that the second count was not being pursued by the plaintiff, and the motion to strike the same is granted without objection.
The motion to strike is an appropriate motion "whenever any party wishes to contest: (1) the legal sufficiency of the allegations" Mingachos v. CBS, Inc.,196 Conn. 91 (1985).
The ruling on a motion to strike the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93 (1985). Such a motion "admits all facts well pleaded" Mingachos v. CBS, Inc., supra. The court, when considering the motion construes the pleadings "in the manner most favorable to the pleader" D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 6 Conn. App. 153 (1986).
Applying that law to the case the court finds that the plaintiff as a police officer on private property in the exercise of his duties must be treated as a licensee. Furstein v. Hill, 218 Conn. 610, 615-16 (1991). As such, "a possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger and (b) he falls to exercise reasonable care to make the condition safe or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved." 2 RESTATEMENT (2nd) Torts, (1965) Section 342 p. 210. See Furstein v. Hill, supra at 624-25. CT Page 8873
Applying those allegations of the first count of the complaint to the law as indicated above the court finds that the plaintiff has alleged a sufficient claim upon which to Sustain a cause of action.
The holding of the case of Doe v. Manheimer,212 Conn. 748 (1989) does not require a different result. In that case the facts analyzed were dissimilar to the allegations herein. There, the court noted that there was no evidence of past experience of the land owner to lead him to believe that it was foreseeable that criminal activity would occur on the land. The complaint being attacked by this motion specifically alleges that the defendants' knew that the apartment and its surroundings were frequented by trespassers and vagrants and also that they knew of criminal activity in the area.
Whatever the proof may show at trial, at this juncture the court cannot say, as a matter of law, that the plaintiff has failed to state a cause of action.
With regard to the CUTPA claim based upon 42-110a
of the Connecticut General Statutes the defendant claims that the allegations do not suggest that they were in the conduct of any "trade" or "commerce" as defined in that statute and thus the allegations are insufficient. The short answer to that argument is that the court finds the allegations to sufficiently allege facts which, if proven, would place the defendant under the penumbra of the Connecticut Unfair Trade Practices Act by virtue of the allegations that they were the owners in possession and control of an apartment complex which was run down and partially vacant in violation of many New London Housing Code regulations where trespassers and vagrants were known to be frequenting and criminal activities have been know to have taken place. Under circumstances as alleged here, where a police officer was going and coming on such premises in furtherance of the defendants' commercial activity (i.e., apartment complex rental,) the defendant is engaged in the trade or commerce as defined. Section 42-100a(4) of the General Statutes specifically includes renting and leasing of property as constituting trade or commerce. Moreover, the application of the act continues to expand. See e.q. Cheshire Mortgage Services, Inc. v. Montes,223 Conn. 80 (1992); Langer, The Connecticut Unfair Trade CT Page 8874 Practices Act, 54 Conn. B.J. 388 (1980); Lefevre, Understanding The Connecticut Unfair Trade Practices Act, 9 Bridgeport L. Rev 326; Morgan, The Connecticut Unfair Trade Practices Act, 62 Conn. B.J. 74 (1988).
The plaintiff having been called into the apartment complex of the defendants by virtue of the performance of his duties is in effect a consumer of the defendants' activity to the same extent as if he were a tenant.
The motion to strike is denied.
LEUBA, J.