[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Moira C. Robertson, brings this action for injuries arising out of an assault occurring on premises owned by the defendants, Stop Shop Supermarket Company ("Stop Shop") and Shunpike Commercial Associates Limited Partnership ("Shunpike").
By a four-count revised complaint dated April 12, 1993, the plaintiff alleges in count one that on or about October 18, 1990, the plaintiff was assaulted by an unknown assailant in the defendant's parking lot. The plaintiff alleges that Stop Shop was the lessee and operator of a Stop Shop Supermarket at 195 West Street, Cromwell, Connecticut.
The plaintiff alleges that the defendant Stop Shop was negligent because it should have foreseen that an assault against the plaintiff would occur. More particularly, the plaintiff alleges that the defendant was negligent in failing to employ security guards, failing to warn the plaintiff of the danger that an assault could be committed against the plaintiff in the parking lot and by failing to intervene to stop the assault or call the police. CT Page 6483-W
In count two, the plaintiff asserts an action based on a violation of General Statutes Sec. 42-110(b), Connecticut Unfair Trade Practices Act ("CUTPA").
In counts three and four, the plaintiff alleges the same causes of action of counts one and two, negligence and CUTPA respectively, against the defendant Shunpike as owner and lessor of the Stop Shop Supermarket at 195 West Main Street, Cromwell, Connecticut.
The defendants filed a motion to strike counts two and four of the revised complaint on the ground that CUTPA is not applicable to an action based upon negligence. The motion was accompanied by a memorandum of law dated April 30, 1993. No memorandum was filed in opposition.
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), citing Practice Book Sec. 152. The motion to strike "admits all facts well pleaded; it does not admit legal conclusions CT Page 6483-X or the truth or accuracy of the opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar, 203 Conn. 34,36, 522 A.2d 1235 (1987).
A failure to file a memorandum in opposition does not constitute consent to the granting of the motion. Practice Book Sec. 15S, see Pepe v. New Britain, 203 Conn. 281, 287-288,524 A.2d 629 (1987).
The defendants argue that negligence is an improper basis for a cause of action based on CUTPA. The defendants claim that the alleged negligence of the defendants in relation to the parking lot in question does not come within the definition of trade and commerce under General Statutes Sec. 42-110a; nor does it constitute the advertising, sale, rent, lease or distribution of any services or property, argues the defendant.
General Statutes Sec. 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive CT Page 6483-Y acts or practices in the conduct of any trade or commerce." General Statutes Sec. 42-110a(4) defines "trade" and "commerce" as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any article, commodity, or thing of value in this state."
 The legislature has directed that "courts of this state shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)." General Statutes Sec. 42-110b(b). We followed this mandate recently, and adopted the criteria set out in the "cigarette rule" by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial CT Page 6483-Z injury to consumers [(competitors or other businessmen)]. Conaway v. Prestia, supra, 492-93, quoting FTC v. Sperry 
Hutchinson, 405 U.S. 233, 244-45 n. 5, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972). . . .
(Footnote omitted.) McLaughlin Ford, Inc. v. Ford Motor Co.,192 Conn. 558, 567-68, 473 A.2d 1185 (1984).
"A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Atlantic Richfield Company v. Canaan Oil Company, 202 Conn- 234, 242 (1987). "An actual deceptive practice is one that has the `tendency or capacity to deceive.'" National Industrial Bank of Connecticut v. Harmon, 1 Conn. L. Rptr. 28B, 289 February 16, 1990, Hammer, J.), quoting Bailey Employment System, Inc. v. Hahn, 545 F. Sup. 62, 67 (D. Conn. 1982).
However, when the violation is based solely upon an allegedly negligent act, it must meet more than just the first prong of the test. A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200,217, 579 A.2d 69 (1990). The court stated, "the first prong, standing CT Page 6483-AA alone, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence." Id., 217.
The court in A-G Foods, Inc., when discussing the three criteria in the `cigarette rule,' quoted with approval letters from the FTC and stated:
 "Moreover, in 1980 the (FTC) reviewed those factors and concluded that unjustified consumer injury is the primary focus of the FTC Act, and the most The Commission explained that regulation is permissible only if a practice causes [unjustified] injury that is substantial.
(Emphasis supplied.) Id., 215-16.
In discussing the third criteria, the [FTC] has stated:
 `The independent nature of the consumer injury criterion does not mean that every consumer injury is legally unfair, however. To justify a finding of unfairness the injury must satisfy CT Page 6483-BB three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competitors that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided.'
(Emphasis, internal quotations and citations omitted.) Id. 216.
Construing the complaint in the manner most favorable to the pleader, the defendants' motion to strike should be granted. The plaintiff alleges that she was assaulted in the defendants' parking lot. The plaintiff alleges that her injury was a result of the defendants' negligence in failing to employ security guards, failing to warn the plaintiff and by failing to stop the assault. While the defendants were in the "trade" or "commerce" of selling commodities associated with a supermaket [supermarket], the injury that the plaintiff alleges occurred was not directly associated with the sale of such commodities.
Rather, the plaintiff has alleged injuries associated with her status as a business invitee against the defendant Stop Shop as lessee and operator and the defendant Shunpike as owner and lessor of 195 West Street property. The plaintiffs alleged injury CT Page 6483-CC was not born out of her role as consumer of a commodity sold by the defendants, but rather out of status as a business invitee. Therefore, the plaintiff's alleged injury does not arise out of a "trade" or "commerce" conducted by the defendants and as a result General Statutes Sec. 42-100b(a) does not apply.
Assuming arguendo that General Statutes Sec. 42-110b(a) does apply and that the plaintiff's allegations satisfy the first prong of the test, the plaintiff fails to satisfy the second prong. Although the allegation that the defendants were negligent by failing to provide adequate security for the plaintiff may constitute an offense to public policy, it does not constitute an "immoral, unethical, oppressive, or unscrupulous" practice. The failure to provide proper security, failure to warn of the danger and failure to intervene are all allegations of negligence which do not encompass any acts intended to deceive or were born out of any unscrupulous behavior on behalf of the plaintiff.
Therefore, the defendants' motion to strike the second and fourth counts is granted.
It is so ordered. CT Page 6483-DD
Higgins, J.