[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON AMENDED MOTION TO STRIKE
The plaintiff in this action, a police officer for the City of Hartford, alleges that he sustained injuries on November 11, 1991, while in the course of police duties. The plaintiff filed a two count complaint on July 28, 1993, against "33 Sumner Associates Limited Partnership, D/B/A 33 Associates LTD. Partnership" (hereinafter "defendant"), the owner of the property upon which the plaintiff was allegedly injured. The plaintiff alleges that in response to a complaint of illicit drug activity on the defendant's property, he entered the rear of the property, observed two unidentified males believed to be engaged in illicit drug traffic and pursued said males over a fence on defendant's property thereby injuring himself.
Count one of the complaint sounds in negligence. Paragraph nine of count one alleges that the injuries sustained by the plaintiff were directly related to the negligence of the defendant in that the defendant:
 a. Knew of ongoing drug activity at the property . . . and negligently failed to take any action to remedy such activity;
 b. Adopted and maintained a policy wherein it ignored illicit and illegal drug activity upon the aforesaid premises; CT Page 5405
 c. Maintained and utilized a defective fence upon said premises unremedial has [sic] to its stability, its bent, unsecured, loose hanging wire mesh and pipe;
 d. Failed to repair or replace the aforesaid defective fence;
 e. Failed to provide adequate warning of the fence's defective and dangerous condition.
(Plaintiff's Complaint, Count One, para. 9.)
The second count, which incorporates by reference the first count in its entirety, seeks damages for a violation of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"). In addition to the allegations set forth in the first count, the plaintiff states that the defendant "engaged in the management, sale, rental, maintenance, or accounting of the condominium or apartment complex . . . which constitutes trade or commerce." (Plaintiff's Complaint, Count Two, para. 16.) Plaintiff further alleges that the defendant knew or should have known of the presence of illicit drug activity upon the property and of the defective and unsafe condition of the fence. Accordingly, the complaint states that the defendant's conduct constitutes an unfair trade practice in that the plaintiff, acting within the scope of his duties as a police officer, was a consumer of the defendant's commercial activity.
On September 1, 1993, the defendant filed a motion to strike paragraphs 9(a) and 9(b) of both counts of plaintiff's complaint, based on the failure to state a claim upon which relief can be granted. Specifically, the defendant argues that said paragraphs appear to allege that the defendant, as owner of the property, had a duty to stop drug activity taking place on the property.
On September 28, 1993, the defendant filed an amended motion to strike and accompanying memorandum of law seeking to strike the second count of plaintiff's complaint in its entirety for the failure to state a cause of action upon which relief under CUTPA may be granted. This amended motion to strike is in addition to the arguments set forth in the defendant's original motion to strike. On October 26, 1993, CT Page 5406 the defendant filed a supplemental memorandum of law in support of the amended motion to strike. On January 20, 1994, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike, which addresses both the original motion to strike and the amended motion to strike. The defendant filed a second supplemental memorandum of law in support of the motion to strike on February 2, 1994.
1. Standard for Motion to Strike
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged." (Internal quotation marks omitted; citations omitted.) Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "A motion to strike, like the demurrer, admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
"It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." (Internal quotation marks omitted; citations omitted.) Coste v. Riverside Motors,Inc., 10 Conn. App. 109, 111, 585 A.2d 1263 (1991). In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215.
2. Subparagraphs 9(a) and 9(b)
The defendant moves to strike paragraphs 9(a) and 9(b) in both counts of plaintiff's complaint on the ground that the duty described therein, namely the duty to prevent crime and remedy drug activity taking place on the property owned and controlled by the defendant, is a duty held by the police department, not the land owner.
The plaintiff asserts that defendant's motion to strike paragraphs 9(a) and 9(b) is procedurally and legally insufficient. The plaintiff submits that paragraphs constituting less than the entirety of a complaint, or count thereof, may be attacked by a motion to strike only when a CT Page 5407 separate cause of action is stated in such paragraphs. The plaintiff further states that subparagraphs 9(a) and 9(b) do not state a separate cause of action from the remainder of the. allegations contained in paragraph nine. Accordingly, the plaintiff asserts that because all the claims contained in count one are predicated in negligence, the defendant cannot single out for attack certain subparagraphs unless it is alleged that such subparagraphs are predicated upon a theory other than negligence. The plaintiff further argues that his allegations are sufficient to show that the defendant in the present case failed to meet its duty as a landlord to use reasonable care to keep those parts of the premises over which it retains control in a reasonably safe condition.
The defendant, in response to plaintiff's opposition, notes that while two causes of action both may sound in negligence, they may be entirely different causes of action "if an entirely new and different factual situation is presented, and a new and different cause of action is stated."
The defendant argues that subparagraphs 9(a) and 9(b) present an entirely different factual situation from the remaining subparagraphs, thereby permitting an attack on the individual subparagraphs. The defendant further submits that subparagraph 9(b) should be stricken in that it alleges an intentional act and, as such, is outside the scope of a negligence claim.
"A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated. . . ." Donovan v. Davis, 85 Conn. 394, 397,82 A. 1025 (1912); see Grove Corp. v. Tinty, 3 Conn. L. Rptr. 647, 649 (January 4, 1991, Hennessey, J.). Therefore, a motion to strike a single paragraph is improper when the paragraph does not purport to state a separate cause of action. See Jaramillov. Adis, 8 CSCR 660 (May 5, 1993, Ballen, J; Schrader v.Rosenblatt, 26 Conn. Sup. 182, 183 (Super.Ct. 1965); GroveCorp. v. Tinty, supra; Martinez v. Hartford Hospital,4 Conn. L. Rptr. 57, 60 (May 21, 1991, Hennessey, J.).
In this case, subparagraphs (a) and (b) of paragraph 9 do not constitute separate causes of action, but are part of the plaintiff's negligence cause of action. As in Schrader v.Rosenblatt, subparagraphs (a) and (b) of paragraph 9 "are simply several among the many specifications of negligence to CT Page 5408 support the principal allegation" of paragraph 9 that the losses and damages sustained by the plaintiff were caused by the negligence and carelessness of the defendant in the ways listed in subparagraphs (a) through (e). Schrader v.Rosenblatt, supra; see Grove Corp. v. Tinty, supra. In these subparagraphs, the plaintiff alleges examples of the alleged negligence of the defendant. See Grove Corp. v. Tinty, supra. Because subparagraphs (a) and (b) of paragraph 9 are part of the negligence cause of action alleged in count one, the defendant's motion to strike these subparagraphs is procedurally improper. Accordingly, the defendant's motion to strike subparagraphs 9(a) and 9(b) is denied.
3. Second Count — CUTPA
The defendant argues that the acts and omissions alleged by the plaintiff do not fall within the scope of CUTPA, in that the purpose of CUTPA is to foster honest and full disclosure in the conduct of business. The defendant states that CUTPA contemplates some type of business or consumer loss, not merely a personal injury lawsuit. The plaintiff, in opposition, submits that the continuous, knowing and negligent adoption and maintenance of a policy which allows for dangerous and criminal activity to be conducted on property within one's dominion and control, constitutes a violation of CUTPA.
General Statutes § 42-110g of CUTPA provides in part that "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section42-110b, may bring an action. . . . Proof of public interest or public injury shall not be required. . . ." Section 42-110b(a) states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The act defines trade or commerce as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a(4).
The Connecticut Supreme Court, in Jackson v. R.G.Whipple, Inc., 225 Conn. 705, 627 A.2d 374 (1993), recently addressed the issue of privity between a claimant and CT Page 5409 defendant in a CUTPA action. The plaintiff in that case filed a CUTPA claim against the defendant, a provider of legal services for the plaintiff's party opponent, on the theory that CUTPA provided relief for the damage that the party opponent caused to plaintiff's mobile home during the defendant's representation of the party opponent in various aspects of the eviction and collection actions. The Supreme Court concluded that the plaintiff did not have the requisite relationship with the defendant to allow a claim under § 42-110g
of CUTPA. The Supreme Court first traced the legislative history of the issue of privity within CUTPA.
 In 1973, when CUTPA was first enacted, the predecessor to § 42-110g contained language that limited standing to "[a]ny person who purchases or leases goods or services. . . ." Public Acts 1973, No. 73-615, § 7. In 1979, however, the legislature amended the act, deleting all references to "purchasers, sellers, lessors, or lessees." Public Acts 1979, No. 79-210, § 1.
 The legislative history does in fact indicate that the 1979 amendment was intended to make privity less of an obstacle to recovery under CUTPA.
Jackson v. R.G. Whipple, Inc., supra, 225 Conn. 724-25.
However, the Supreme Court then proceeded to limit the previous expansion of privity between the claimant and defendant under CUTPA.
 Although § 42-110b(d) provides that it is the intention of the legislature that this chapter be remedial and be so construed, and although private litigation under this act is essential and the 1979 proposal would ease the burden on private individuals and thus encourage private litigation, it strains credulity to conclude that CUTPA is so formless as to provide redress to any person, for any ascertainable harm, caused by any person in the conduct of any trade or commerce. Although privity, in the traditional contractual sense of an CT Page 5410 exchange of consideration between parties, may no longer be essential for standing under CUTPA, a claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or to her. CUTPA was, after all, enacted by the legislature to put Connecticut in the forefront of state consumer protection.
(Citations omitted; emphasis added; internal quotation marks omitted.) Id., 725-27. See also Larsen Chelsey Realty Co. v.Larsen, 8 CSCR 1038 (August 30, 1993, DeMayo, J.) (an employer and employee relationship is not a consumer relationship and thus not within CUTPA); Haley v. Marketing Corporation, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128067 (June 17, 1993, Rush, J.) (relationships between former officers and shareholders of a corporation and the corporation and the president are not consumer relationships within CUTPA).
Subsequent to the Supreme Court decision in Jackson v.R.G. Whipple, Inc., supra, the superior court case ofRobertson v. Stop Shop Supermarket Co., 8 CSCR 888 (July 28, 1993, Higgins, J.), addressed the status of a plaintiff pursuing a CUTPA claim. The plaintiff in Robertson v. StopShop Supermarket Co. sustained injuries from an assault which occurred on property owned by the defendants. The complaint alleged that the defendants were negligent in failing to foresee the assault and take appropriate precautions. The complaint also stated a claim under CUTPA. The court, in granting defendants' motion to strike the CUTPA count, stated that,
 [w]hile the defendants were in the `trade' or `commerce' of selling commodities associated with a supermarket, the injury that the plaintiff alleges occurred was not directly associated with the sale of such commodities . . . . The plaintiff's alleged injury was not born out of her role as a consumer of a commodity sold by the defendants, but rather out of status as a business invitee. Therefore, the plaintiff's alleged injury does not arise out of a `trade' or `commerce' conducted by the defendants and as a result General Statutes CT Page 5411 § 42-[110] b(a) does not apply.
Robertson v. Stop Shop Supermarket Co., supra.
The plaintiff in this case cites to the superior court case of Suarez v. Sordo, 7 CSCR 1113 (October 12, 1992, Lueba, J.) in support of his opposition to the motion to strike. InSuarez v. Sordo, a police officer was injured in the line of duty while in an apartment house owned by and in the possession and control of the defendant. The court held that the plaintiff stated sufficient allegations to sustain a CUTPA claim in that the apartment complex was in violation of certain housing code regulations and that "criminal activities have been know[n] to have taken place [on the property]." Id. The court held that,
 [u]nder circumstances as alleged here, where a police officer was going and coming on such premises in furtherance of defendants' commercial activity (i.e., apartment complex rental,) the defendant is engaged in the trade or commerce as defined. Section 42-100a(4) of the General Statutes specifically includes renting and leasing of property as constituting trade or commerce. Moreover, the application of the act continues to expand.
Id. While the facts in Suarez v. Sordo are similar to those of the present case, the analysis of the more recent cases ofJackson v. R.G. Whipple, Inc., Robertson v. Stop ShopSupermarket Co. and the other cases requiring allegations of a consumer relationship between the parties govern the present case.
In the present case, the plaintiff alleges that "by virtue of the performance of his duties," plaintiff "is, in effect, a consumer of the Defendant's commercial activity." (Plaintiff's Complaint, Count Two, para. 18.) The defendant's commercial activity, as alleged by the plaintiff, is the management, sale, rental, maintenance or accounting of the apartment complex. Plaintiff's allegation that he is a consumer of defendant's commercial activity is a legal conclusion, and as such should not be considered when determining the legal sufficiency of count two of the complaint. Other than the plaintiff's conclusion, the second CT Page 5412 count contains no factual allegations from which the court may infer that the plaintiff's injuries arose from his role as a consumer of the defendant's trade, namely the management, sale, rental and maintenance of the property. Pursuant to the Supreme Court's analysis in Jackson v. R.G. Whipple, Inc., the injured plaintiff in the present case does not, under the facts alleged by the plaintiff, possess at least some type of consumer relationship with the defendant owner of the property upon which the plaintiff was injured. Accordingly, the second count is stricken for failure to state a claim upon which relief under CUTPA may be granted.
Mary R. Hennessey, Judge