[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
The plaintiffs have filed a twenty-one count second CT Page 9901 revised Complaint against the defendants.
The defendants, C R Stonegate Limited Partnership, Joseph Carabetta, Carabetta Enterprises, Inc., Connecticut Residential Investors Associates Limited Partnership, H T Associates, and Carabetta Management Company, (Carabetta defendants) hereby move to strike counts three, six and eleven through twenty of said Complaint.
The defendant, the City of New Britain, Officer Peter D. Sheldrick, then Chief of Police Clifford Willis, Sergeant Robert Azarigian, Captain William Sencio, Detective Harold Gannon, Detective Gary Chute, Officer Carlos Burgos, Officer William Steck, Officer Bernard Moreno, Lieutenant William Coyle, Captain Ronald Minas, Officer John Doe and Officer Anthony W. Spencer (the New Britain defendants) move to strike the following from plaintiffs' second revised Complaint: Counts seven, eight, nine, ten, seventeen, eighteen and the second revised Complaint as to Officer John Doe.
Counts one and four of the plaintiffs' second revised Complaint allege a wrongful death claim on behalf of the decedent, Patricia Urbanski. These counts are not the subject of the Motion to Strike. Counts two and five of the plaintiffs' second revised Complaint allege claims of bystander emotional distress on behalf of Justyna Urbanski. These also are not the subject of this Motion to Strike.
In Counts three, six and seventeen, the parents of Patricia and Justnya Urbanski have alleged claims sounding in emotional distress and loss of filial consortium arising out of the death of Patricia, and the injuries to Justyna. The parents have also asserted recklessness claims on their own behalf in Counts thirteen and sixteen. In Count eighteen, Justyna Urbanski has asserted claims for filial and parental loss of consortium arising out of the death of her sister, and the injuries of her parents. Additionally, each of the plaintiffs, in Counts nineteen and twenty, have asserted claims against the Carabetta defendants for violations of Connecticut's Unfair Trade Practice Act (hereinafter called "CUTPA").
The seventh, eighth and ninth Counts set forth wrongful death and personal injury claims against the New Britain defendants. CT Page 9902
The tenth count of the second revised Complaint alleges a claim for relief under § 7-465 of the Connecticut General Statutes. Although the plaintiffs have interposed a technical objection to the Motion to Strike filed by the Carabetta defendants, the court will determine this Motion to Strike on its merits.
 II.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'"Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 398 (1985).
The court grants the Motion to Strike Counts three and six of the plaintiffs' second revised Complaint. Maloney v. Conroy,208 Conn. 392 (1988).
As to Count seventeen, there is no statutory provision for recovery for loss of parental or filial consortium. Wright v.Anesthesia Association of New Haven, 10 Conn. L. Rptr. No. 13, 428 (January 17, 1994) (Hodgson, J.).
Moreover, the majority of Superior Court decisions have held that there is no cause of action for consortium arising out of the parent-child relationship regardless of whether a wrongful death action is brought. In Rodriguez v. Bristol HousingAuthority, 9 CSCR 419, Judge Berger set forth the following reasons for this refusal among many courts to recognize the cause of action:
 "[T]he term `consortium' is usually defined as encompassing the services and/or the financial support of a spouse, and the variety of intangible relations which exist between spouses living together in marriage.
(Emphasis in original.) Champagne v. Raybestos-Manhattan, 212 Conn. 509, 553
CT Page 9903 (1989), quoting Hopson v. St. Mary's Hospital, 175 Conn. 485, 487 (1979). Moreover, in Mahoney v. Lensink, 17 Conn. App. 130, 141 (1988), rev'd on other grounds, 213 Conn. 548 (1990), the court stated that "the right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship."
The majority of Superior Court decisions have refused to recognize claims for filial consortium absent legislative or appellate authority. Therefore, the Motion to Strike Count seventeen is granted.
By virtue of its ruling concerning Count seventeen, the court also grants the defendants' Motion to Strike Count eighteen.
Counts eleven through sixteen are against the Carabetta defendants and assert recklessness claims. The court concludes that the plaintiffs have alleged sufficient facts for their recklessness claim to survive a Motion to Strike; accordingly, the Motion to Strike Counts eleven to sixteen are denied.
In Counts nineteen and twenty the plaintiffs assert a claim under CUTPA. The plaintiffs have not satisfied the court that the facts asserted in Counts nineteen and twenty are legally sufficient for a CUTPA claim. A.G. Foods, Inc. v. PepperidgeFarm Inc., 216 Conn. 200. Robertson v. Stope Shop Supermarket,8 CSCR 888.
The Motion to Strike counts nineteen and twenty is granted.
Counts seven, eight and nine of the second revised Complaint allege a cause of action against the New Britain defendants for negligence. Count ten sets forth the provisions of Conn. Gen. Stat. § 7-465.
"The [common law] doctrines that determine the tort liability of municipal employees are well established." Burns v. Board ofEducation, 228 Conn. 640, 645, 638 A.2d 1 (1994). Although historically "[a] municipality itself was generally immune from liability for its tortious acts at common law . . . [municipal] employees faced the same personal tort liability as private individuals." (Citations omitted; internal quotation marks CT Page 9904 omitted.) Mulligan v. Rioux, 229 Conn. 716, 727, 643 A.2d 1226
(1994). "Over the years, however, [t]he doctrine of governmental immunity has provided some exceptions to the general rule of trot liability for municipal employees." Id.
"[A] municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts." Id.
 [There are] three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or a municipal officer for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure rather than negligence.
Evon v. Andrews, 211 Conn. 501, 505 559 A.2d 1151 (1989).
Although the Supreme Court has "approved the practice of deciding the issue of governmental immunity as a matter of law" in certain situations; Gordon v. Bridgeport Housing Authority,208 Conn. 161, 165, 544 A.2d 1185 (1988); generally, whether an act is discretionary or ministerial is a question of fact. Gauvinv. New Haven, 187 Conn. 180, 186, 445 A.2d 1 (1982). "The determination of whether a municipal government's supervision of its employees is a governmental or ministerial act is a question of fact which cannot properly by decided on a motion to strike."Little v. Booth, 10 Conn. L. Rptr. 290, 292 (October 28, 1993, Dunn, J.).
Also, a question of fact is presented as to whether the duty owed to the public by a police officer becomes a private duty when it falls within the "identifiable person, imminent harm" exception. Shore v. Stonington, 187 Conn. 147. Sestito v.Groton, 178 Conn. 520.
Therefore, the defendants' City of New Britain's Motion to Strike Counts seven, eight, nine and ten is denied. The court also denies said defendants' Motion to Strike the second revised Complaint as to Officer Joe Doe. CT Page 9905
Summary
The court grants the Motion to Strike Counts three, six, seventeen, eighteen, nineteen and twenty and denies the Motion to Strike as to Counts eleven through sixteen and Counts seven, eight nine and ten and the second revised Complaint as to John Doe.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT