[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 2, 1995, the plaintiff, Noemi Delvalle, in her individual capacity and as parent and next friend of minor plaintiff Neomarie Coreano, filed a twelve count complaint against the defendant, Kenneth Goggins, for alleged injuries arising out of the minor plaintiff's exposure to lead-based paint. By way of an apportionment complaint filed October 18, 1995, the defendants Abilio Santos and Joaquina Santos were cited into this action by the defendant Goggins, pursuant to General Statutes § 52-572h. Thereafter, on December 4, 1995, pursuant to Public Act 95-111, the plaintiffs filed an amended complaint alleging, inter alia, a direct cause of action against Abilio and Joaquina Santos. The plaintiffs' amended complaint is the subject of this motion.
The amended complaint alleges, in relevant part, that during a period of time from August 1, 1993, through approximately CT Page 8098 July 26, 1994, the plaintiffs visited property owned by Abilio and Joaquina Santos, located at 14-16 Fairview Street, Waterbury, Connecticut. It asserts that while visiting these premises, Neomarie Coreano was "exposed to, ingested, inhaled, and absorbed lead based paint. . . ." (Amended Complaint, Count 13, ¶ 5.) The plaintiffs further claim that the child suffered injuries because of her contact with the lead-based paint at the Fairview Street address.
On February 28, 1996, the defendants filed a motion to strike counts thirteen, fourteen, fifteen, eighteen, nineteen, twenty, twenty-one and twenty-four of the amended complaint, along with a supporting memorandum.[1] The plaintiffs filed an opposing memorandum on March 6, 1996. On March 18, 1996, the defendants filed a supporting supplemental memorandum in support of their motion to strike. This court, Peck, J., heard oral argument on June 17, 1996.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862 (1992). The motion to strike is also used to "test whether or not Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotation marks omitted.) Burns v. Hanson, Superior Court, judicial district of Middlesex at Middletown, Docket No. 072342 (March 8, 1995, Stanley, J., 13 Conn. L. Rptr. 593);Castelvetro v. Mills, Superior Court, judicial district of New Haven, Docket No. 320396 (February 1, 1994, Gray, J.,11 Conn. L. Rptr. 29); 1 Connecticut Civil Procedure, E. Stephenson, § 116, p. 470 (1970).
Counts Thirteen and Fourteen — Statutory Violations
The defendants move to strike the thirteenth and fourteenth counts of the plaintiffs' amended complaint on the ground that Connecticut does not recognize a common law cause of action in strict liability for the alleged violation of lead paint laws. CT Page 8099
The amended complaint alleges that "[t]he injuries to the Plaintiff as set forth above were caused by the Defendants' violation of Connecticut General Statutes Sections 47a-8, 47a-7,47a-53, 47a-54f, 19a-111a through 19-111d, and 21a-82 through21a-85; Regulations of Connecticut State Agencies Sections 19-13 B1 and B2; Local ordinances, laws and regulations of the City of Waterbury; Chapter 63 of the Social Security Act, entitled `The Lead Paint Poisoning Prevention Act', of 42 U.S.C. § 4801
through 4846 inclusive; and the following Federal Regulations: 16 C.F.R. § 1303; and 24 C.F.R. Parts 35, 882 and 886; 24 C.F.R. § 200.800
through 200.830." (Amended Complaint, Count 13, ¶ 10; Count 14, ¶ 10).
"Our rules of practice require that a motion to strike raising claims of legal insufficiency separately set forth each such claim of insufficiency and distinctly specify the reason or reasons for each such claimed insufficiency. See Practice Book 154." North Park Mortgage Services, Inc. v. Pinette, 27 Conn. App. 628,630, 608 A.2d 714 (1992). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." Blancato v. Feldspar Corp., 203 Conn. 34,44, 522 A.2d 1235 (1987).
In the thirteenth and fourteenth counts, the plaintiffs allege not only violations of state law, but also federal law violations, and violations of local ordinances, laws and regulations. The defendants' motion to strike and supporting memorandum address only the insufficiency of the plaintiffs' statutory claims under Connecticut law. Specifically, in their supporting memorandum, the defendants ask this court to "follow the reasoning of the Supreme Court in Gore v. People's SavingsBank and decline to create a course [sic] of action for strict liability in tort for the alleged violations of federal, state and local lead paint statutes and regulations." (Defendants' Mem., p. 8).
In Gore v. People's Savings Bank, 235 Conn. 360,665 A.2d 1341 (1995), the Connecticut Supreme Court held that no cause of action exists in strict liability for violations of Connecticut's lead paint laws. Id., 372. The Gore decision cannot, however, be cited for the proposition that such causes of action cannot exist pursuant to federal and municipal law. This court cannot strike the plaintiffs' state statutory claims CT Page 8100 under Gore and leave the federal and municipal statutory claims when all such claims are contained in the same two counts. SeeDickey v. Collins, Superior Court, judicial district of New Haven at New Haven, Docket No. 373030 (December 26, 1995, Zoarski, J.). Therefore, the defendants' motion to strike counts thirteen and fourteen is denied.
Counts Fifteen, Eighteen, and Twenty-Four — Loss of Consortium
The defendants next claim that counts fifteen, eighteen and twenty-four are legally insufficient because Connecticut does not recognize claims for loss of consortium by a parent for injuries incurred by a minor child.
The Connecticut Supreme Court has yet to directly address whether a cause of action for loss of consortium arising out of the parent-child relationship exists. In dicta, the appellate court has stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Mahoney v.Lensink, 17 Conn. App. 130, 141, 550 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. 548, 569 A.2d 518 (1990). Trial courts are not bound by dicta, and as the Mahoney court specifically noted, no appellate level court in Connecticut has "yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Id., 141 n. 7.
Connecticut trial courts are split as to whether, under Connecticut law, there exists a cause of action for loss of filial consortium. While a majority of decisions refuse recovery; see e.g., Saliba v. Anto, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327860 (March 1, 1996, Ballen, J.); Sabol v. Hallock, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 127090 (January 17, 1996, Pellegrino, J.); Broadmax v. Ali, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321979 (September 21, 1995, Thim, J.); several courts permit such recovery, recognizing a parent's claims for the loss of a child's consortium. Condon v. Guardiani, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052203 (April 16, 1996, Skolnick, J., 16 Conn. L. Rptr. 466);Davis v. Davis, Superior Court, judicial district of Middlesex at Middletown, Docket No. 077180 (March 15, 1996, Stanley, J.); Scalise v. Bristol Hospital, Superior Court, judicial district CT Page 8101 of Hartford-New Britain at Hartford, Docket No. 525217 (July 6, 1995, Corradino, J., 14 Conn. L. Rptr. 534); Condron v. Pollak,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 128731 (November 18, 1993, Dean, J.);Sliney v. Denisanko, Superior Court, judicial district of New Haven at New Haven, Docket No. 334928 (August 6, 1993, Gordon, J.). This court is persuaded by the reasoning set forth in the latter line of cases.
Most courts that reject parental or filial consortium claims "seem to rely on their conclusion that our appellate courts have not recognized these causes of action." Scalise v.Bristol Hospital, supra. Pleading devices such as the motion to strike "shouldn't be regarded as a straightjacket preventing a proper testing of new legal theories." Id. Our courts recognize a cause of action for loss of spousal consortium;Hopson v. St. Mary's Hospital, 176 Conn. 485, 408 A.2d 260
(1979); with such recognition derived in part from the "civil contract of marriage." Id., 487. Yet, as stated in Sliney v.Denisanko, supra, "[i]t is difficult to rationalize why rights protected by the legal contract of marriage should give rise to a consortium claim while [parental] rights which are constitutionally protected should not." Id. This court finds that the parent-child relationship is deserving of the same protections afforded the spousal relationship, including the protection afforded by loss of consortium claims. See Condon v. Guardiani,
supra.
For the foregoing reasons, and in the absence of any binding precedent, this court finds that parental claims based on filial consortium are cognizable causes of action. Accordingly the motion to strike counts fifteen, eighteen and twenty four of the amended complaint is denied.
Counts Nineteen and Twenty — CUTPA
The nineteenth and twentieth counts allege that the defendants' actions violate General Statutes § 42-110a, et seq., the Connecticut Unfair Trade Practices Act ("CUTPA"). The defendants' move to strike these two counts, arguing that each count "fail[s] to allege that the claimed injuries arose out of the trade or business of these defendants." The defendants claim that although courts have allowed CUTPA claims against landlords arising out of the landlord-tenant relationship, no courts extend CUTPA liability against an owner of property for CT Page 8102 alleged injuries to a visitor.
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes §42-110b(a). The terms "trade" and "commerce" are defined by the act to mean "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a(4). "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." (Internal quotation marks omitted.)Pergament v. Green, 32 Conn. App. 644, 655, 630 A.2d 615, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "The entire act is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit."
(Citations omitted; emphasis added; internal quotation marks omitted.) Fink v. Golenbock 238 Conn. 183, 213, ___ A.2d ___ (1996).
It is clear that "`CUTPA is not limited to conduct involving consumer injury' and that `a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury.'" Id., 215, quoting McLaughlin Ford,Inc. v. Ford Motor Co., 192 Conn. 558, 566, 567, 473 A.2d 1185
(1984). In the instant action, however, the plaintiffs are not alleged to be competitors of or in a business relationship with the defendants. Therefore, to proceed any further under CUTPA, the plaintiffs must be characterized as consumers. See Skeltonv. Chemical Leaman Tank Lines, Inc., Superior Court, judicial district of New Haven, Docket No. 359236 (May 13, 1996, Corradino, J., 17 Conn. L. Rptr. 56).
In Jackson v. R. G. Whipple, Inc., 225 Conn. 705,627 A.2d 374 (1993), our Supreme Court stated that:
 [a]lthough § 42-110b(d) provides that it is the intention of the legislature that this chapter be remedial and be so construed . . . it strains credulity to conclude that CUTPA is so formless as to provide redress to any person, for any ascertainable harm, caused by any person in the conduct of any trade or commerce. Although privity, in the traditional CT Page 8103 contractual sense . . . may no longer be essential for standing under CUTPA, a claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or to her. CUTPA was, after all, enacted by the legislature to put Connecticut in the forefront of state consumer protection.
(Citations omitted; internal quotation marks omitted.) Id., 725-27. In determining who constitutes a "consumer" under CUTPA, this language from Jackson is instructive. SeeSkelton v. Chemical Leaman Tank Lines, Inc., supra.
As both parties acknowledge, Connecticut courts recognize CUTPA claims arising out of landlord-tenant transactions for alleged property defects. Conaway v. Prestia, 191 Conn. 484,464 A.2d 847 (1983). Moreover, Connecticut courts have ruled that CUTPA claims based upon injuries resulting from lead-based paint are proper causes of action against landlords, where the injuries result from the landlord's failure to comply with the applicable lead paint laws and ordinances. Kohutka v. Mazzucco,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 142751 (April 18, 1995, Lewis, J.,14 Conn. L. Rptr. 87); Gutierrez v. Jefferson Street Med. Bldg., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529230 (September 27, 1994, Hennessey, J.); Dickersonv. Little, Superior Court, judicial district of New Haven, Docket No. 294779 (June 4, 1992, Gray, J, 6 Conn. L. Rptr. 508);Hardy v. Griffin, 41 Conn. Sup. 283, 287, 569 A.2d 49 (1989). In each of these cases, however, the relationship between the parties was that of landlord-tenant, not landlord-visitor.
The only relationship between the plaintiffs and defendant alleged in the complaint is that the plaintiffs "visited" 14-16
Fairview Street, the property allegedly controlled by the defendants. (Amended Complaint, Count 19, ¶ 2, Count 20, ¶ 2). The plaintiffs cite to no authority permitting a CUTPA claim premised upon such a relationship. In failing to allege any consumer, competitor, or business relationship with the defendants, the plaintiff has failed to allege a legally sufficient claim under CUTPA. See Valle v. Andrews, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552111 (March 9, 1996, Hennessey, J.); Edelwich v. 33Sumner Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 527767 (May 19, CT Page 8104 1994, Hennessey, J., 9 CSCR 620).
Construing the complaint in the manner most favorable to the pleader, the court concludes that the plaintiffs have failed to sufficiently allege a cause of action based upon a CUTPA violation. Accordingly, the defendants' motion to strike counts nineteen and twenty is granted.
Count Twenty-One
The twenty-first count sets forth a filial consortium claim, derivative of the CUTPA claim set forth in count twenty. Although this court recognizes a cause of action for filial consortium, see infra, consortium claims are necessarily derivative of an underlying cause of action. Hopson v. St.Mary's Hospital, supra, 176 Conn. 494. Because this court has stricken the twentieth count of the plaintiffs' amended complaint, the motion to strike count twenty-one is also granted. See Davignon v. Hunt-Mason, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 508269 (May 21, 1993, Walsh, J.).
In summary, the motion to strike counts thirteen, fourteen, fifteen, eighteen and twenty-four are denied. As to counts nineteen, twenty and twenty-one, the motion to strike is granted.
PECK, J.